IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60190
Conference Calendar
_____

LAFELDT RUDD,

                                        Plaintiff-Appellant,

versus

SANDRA DAVIS ET AL.,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:94-cv-561LN
- - - - - - - - - -
(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

An in forma pauperis complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d) if it has no arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); see Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Section 1915(d) dismissals are reviewed for abuse of discretion. Id. at 34.

Appellees Sanders, Wingate, and Peters are entitled to absolute immunity from suit for damages in 42 U.S.C. § 1983 actions arising out of acts performed in the exercise of their

_____

    [*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

judicial and prosecutorial functions.  <u>Boyd v. Biggers</u>, 31 F.3d 279, 284 (5th Cir. 1994) (prosecutorial immunity); <u>Graves v. Hampton</u>, 1 F.3d 315, 317 (5th Cir. 1993) (judicial immunity). Lafeldt Rudd's claims against the remaining defendants call into question the validity of his conviction and sentence and may not be considered in a § 1983 action, under the rule in <u>Heck v. Humphrey</u>, 114 S. Ct. 2364, 2372 (1994), because Rudd has not demonstrated that his conviction and sentence have been invalidated.

There was no abuse of discretion in dismissing the complaint without providing Rudd with an opportunity to amend his pleadings because it does not appear that the deficiencies in his pleadings could be remedied through more specific pleading.  <u>See</u> <u>Eason v. Thaler</u>, 14 F.3d 8, 9-10 (5th Cir. 1994).  Under § 1915(d), Rudd was not entitled to conduct discovery prior to dismissal of his complaint.  <u>See</u> 28 U.S.C. § 1915(d).

The appeal is without arguable merit and thus frivolous. <u>Howard v. King</u>, 707 F.2d 219, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  5th Cir. R. 42.2. Rudd is WARNED that the filing of frivolous appeals in the future will result in the imposition of sanctions.

APPEAL DISMISSED.